UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT CLAYTON CROW | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-653 |
| | § | |
| THERESA RELKEN, ET AL. | § | |

## OPINION AND ORDER

Before the Court are various Motions of the Defendants for summary judgment. Having carefully considered the Motions and the Parties' submissions, the Court issues this global Opinion and Order.

### False Arrest Claims

Plaintiff, Robert Clayton Crow, sued Defendants Theresa Relken, Rex Spottedbear, Carlos Alcocer and Ricci Ostermayer in their individual and official capacities for their roles in what he claims was an unconstitutional arrest. In order to perform its duty under the summary judgment standard, the Court will accept as true, the facts as stated in Crow's affidavit:

> On May 5, 2004, around 12:00 noon, I was driving back to my office from the BP plant in Texas City, Texas. An unknown female, whom I later discovered to be Officer Relken, flagged me down as I was driving down 14th street near the Step-N-Go on Texas Avenue. I pulled over to help her because it appeared to me that she was in some type of distress. I did not think that she was a prostitute…

> All of a sudden, Officer Relken asked me if I would "prefer" oral sex or intercourse for $10. I was startled, and replied "oral sex" without thinking, because I was only given two options to the question. I was simply answering the question. At no time did I agree to have sex with Officer Relken for money. Relken then told me that if I wanted to have the oral sex, I needed to make a u-turn and come back around behind the Step-N-Go. When Relken said that, I thought she was nuts, and rather then driving to the designated location to procure her services, I drove down Texas Avenue towards my office, which is located in the 600 Block of Palmer Highway.

> I drove straight down Texas Avenue for about eight blocks, and then I saw a police car behind me that was attempting to pull me over. I stopped as soon as I could. I was arrested for the offense of prostitution and transported to the Texas City Jail.

It is undisputed that Spottedbear, Alcocer and Ostermayer were the arresting officers.

The gravamen of Crow's claim is there was no probable cause to support his arrest and that his arrest, therefore, was made in violation of the Fourteenth Amendment. In the opinion of this Court, two impediments in Crow's submissions bar him from relief on his stated claim of false arrest.

First, but least significantly, is his reliance on the Fourteenth Amendment. After the decision in Blackwell v. Barton, 34 F.3d 298, 302 (5th Cir. 1994), it is clear that a Section 1983 claim for illegal arrest and detention is properly considered under the Fourth Amendment, the more specific constitutional right implicated by such allegations. Of course, this pleading error is not truly substantive and Crow's claim could survive if the facts, as alleged, asserted a violation of a clearly established right to be free from an arrest without probable cause.

Unfortunately, for Crow, the second impediment is insurmountable: there was probable cause for his arrest and his arrest was, therefore, valid. Crow was arrested for prostitution. The Texas Penal Code provides that a person commits the offense of prostitution if he "knowingly…agrees to engage…in sexual conduct for a fee." Tex. Penal Code § 43.02(a)(1) In Mattias v. State, 731 S.W.2d 936, 937 (Tex. Cr. App. 1987), the District Court Judge who convicted Ms. Mattias after a non-jury trial actually found that despite her verbal agreement with an undercover officer she "never intended to consummate the contract committing the sexual act." The Court of Appeals reversed Mattias' conviction, however, the Texas Court of Criminal Appeals reinstated it by holding "that intent to consummate an…agreement to engage in sexual

2

conduct is not an element of the offense of prostitution under § 43.02(a)(1)." Section 43.02(a)(1) of the Penal Code has not been amended since the decision in <u>Mattias</u>, consequently, by the time of Crow's arrest in 2004, it was the well-established statutory law of Texas that a person commits the offense of knowingly agreeing to engage in sexual conduct by merely offering to do so in response to a request. Any argument that the reasoning in <u>Mattias</u> cannot apply to the facts of Crow's arrest is precluded by <u>Frieling v. State</u>, 67 S.W.3d 462 (Tex. App -- Austin, 2002)  The facts in <u>Frieling</u> are, for present purposes, identical to those in the instant case; therefore, the "contours" of the relevant law clearly authorized the prosecution of Crow for prostitution. Since Crow's conduct was sufficient to support his prosecution, there was, *a fortiori*, probable cause to justify his arrest.

The finding of probable cause is fatal to Crow's false arrest claim. The absence of probable cause is an element of a Fourth Amendment false arrest claim, its presence, therefore, negates Crow's ability to prove this element. For summary judgment purposes, a complete failure of proof on an essential element of the non-movant's case renders all other facts, including Crow's lack of intent, immaterial and precludes a finding of a genuine issue of fact for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)   In such a situation the movant is entitled to judgment as a matter of law. <u>Lujan v. National Wildlife Fed'n</u>, 497 U.S. 871, 884 (1990)

Finally, since Crow did not suffer a violation of any constitutional right, his claim that the City of Texas City and the City of Nassau Bay had a policy authorizing unconstitutional "sting operations" is not justiciable in this action. See <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1481 (3$^d$ Cir. 1990) ("…it is impossible on the delivery of a kick to inculpate the head and find no fault with the foot.")

For the foregoing reasons, the Defendants' Motions for Summary Judgment are granted as to Crow's false arrest claim.

### Malicious Prosecution

The findings of probable cause and a valid arrest are also fatal to Crow's malicious prosecution claim against Spottedbear. To prevail in a § 1983 malicious prosecution claim Crow must show that he was exposed to an unreasonable seizure in violation of the Fourth Amendment; however, since his arrest was valid he cannot do so. Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001)    Insofar as Crow is asserting a state law claim for malicious prosecution, it, too, fails. In Taylor v. Gregg, 356 F.3d 453, 455 (5th Cir. 1994), the Ffith Circuit stated:

> To prevail on a malicious prosecution claim in Texas, the Fifth Circuit requires the Plaintiff to show (1) a criminal action was commenced against him; (2) the prosecution was caused by the Defendant or with his aid; (3) the action terminated in the Plaintiff's favor; (4) the Plaintiff was innocent; (5) *the Defendant acted without probable cause*; (6) the Defendant acted with malice; and (7) the criminal proceeding damaged the Plaintiff.

Since this Court found that there was probable cause for Crow's arrest, he cannot prove a necessary element of his state law claim.

Therefore, the Motion for Summary Judgment of Defendant Spottedbear is granted as to Crow's malicious prosecution claim.

### Medical Care Claims

Crow has sued Defendants James Yanas, Sebastus James, Paul White and Darrell Motal, police jailers, for failing to provide him with adequate medical care during his incarceration at the Texas City Jail on May 5 and 6, 2004. Crow alleges that he suffered a ministroke at the jail after he was denied his medication for hypertension despite having told the jailers of "his need to

4

receive his prescribed medications or risk serious injury or death." Alas, as serious as the ministroke may have been, it was, evidently, not memorable enough to prompt Crow to identify and serve process upon the jailer Defendants within the two year statute of limitations applicable to § 1983 claims. The Court sees no need to parrot the Defendants convincing legal arguments. For the reasons asserted by these Defendants, Crow's medical care claims are time-barred and the jailer Defendants' converted Motions for Summary Judgment are granted.

Crow has also asserted a medical care claim against the City of Texas City via Police Chief Robert Burby, in his official capacity, by alleging that the City jail had a policy or customary practice in place which allowed, if not condoned, the deliberate denial of life-sustaining medical care to jail inmates. Not surprisingly, Crow has failed to identify any officially adopted and promulgated policy statement, ordinance, regulation or decision of the City's law-making officials condemning pretrial detainees to incompetent medical care. Therefore, to avoid summary judgment it is incumbent on Crow to show a persistent wide-spread practice of Texas City jailers denying adequate medical care to inmates that is so common and well-settled as to constitute a custom that fairly represents municipal policy which can be attributed to the City itself. Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002)   In his effort to create a triable fact issue regarding custom, Crow alleges:

> Defendant Burby, acting in his official capacity, knowing of the medical needs of the Plaintiff, and with deliberate indifference to the inadequacies and deficiencies in the medical facilities, staffing and procedures at the Texas City municipal jail, failed and neglected to establish and implement policies, practices and procedures designed to assure that the Plaintiff receive medical treatment and care at the standards in the State of Texas as a whole, or have adopted policies, practices and procedures which Defendant Burby knew, or reasonably should have known, would be ineffective in delivering medical treatment and care at such standards thus

>   endangering the Plaintiff's health and well-being in violation of rights secured to the Plaintiff by the Fourteenth Amendment to the United States Constitution.

Unfortunately, for Crow, mere allegations are not sufficient to avoid summary judgment; Crow must support his allegations with evidence. He has not done so. At best, Crow has shown that he was harmed by an isolated incident which cannot establish municipal liability. See <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808 (1985)   Therefore, the Defendants' Motion for Summary Judgment as to Crow's medical care claims against the City of Texas City and Defendant Burby in his official capacity, is granted.

<u>CONCLUSION</u>

For all of the foregoing reasons, it is the **ORDER** of this Court that the Defendants' Motions for Summary Judgment (Instrument nos. 29, 30, 36, 37, 38 and 39) are **GRANTED** and the Second Amended Complaint (Instrument no. 18) of Plaintiff, Robert Clayton Crow, is **DISMISSED in its entirety**.

**DONE** at Galveston, Texas, this ____9th____ day of January, 2007.

_____
John R. Froeschner
United States Magistrate Judge

6